### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RICARDO GARCIA-LOPEZ,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     CASE NO. 17-067-LPS <br> ) |
| **G4S SECURE SOLUTIONS (USA) INC.,** | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## DEFENDANT'S OPENING BRIEF IN SUPPORT
## OF ITS MOTION TO DISMISS

 

Charles A. McCauley, Esquire (#4738)
Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
1500 North French Street, 2d Floor
Wilmington, DE 19801
(302) 299-1031

Attorney for Defendant
G4S Secure Solutions (USA) Inc.

Dated: July 20, 2017

4814-8722-4139.1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 2

    A.  The Motion to Dismiss Standard Warrants the Dismissal of Plaintiff's Complaint ........ 2

    B.  Plaintiff's Complaint Fails to State a Plausible Claim for Relief because
Filing for Workers' Compensation Benefits Does not Constitute a Protected
Activity Under Either Title VII or the ADA ................................................................... 3

        1.  Plaintiff Fails to State a Claim for Relief Under Title VII ............................. 3

        2.  Plaintiff Fails to State a Claim for Relief Under the ADA ............................ 4

    C.  Plaintiff's Complaint is Time-Barred ............................................................................ 5

CONCLUSION ............................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 2

*Burtch v. Milberg Factors, Inc.*,
    662 F.3d 212 (3d Cir. 2011) ...................................................................................... 3

*Charlton v. Paramus Bd. of Educ.*,
    25 F.3d 194 (3rd Cir. 1994) ....................................................................................... 3

*Davis v. Team Elec. Co.*,
    520 F.3d 1080 (9th Cir. 2008) ................................................................................... 3

*Fieni v. Franciscan Care Ctr.*,
    2011 U.S. Dist. LEXIS 113910 (E.D. Pa. Sept. 30, 2011) ........................................ 4

*Jimenez v. Potter*,
    211 F. App'x 289 (5th Cir. 2006) .............................................................................. 4

*Lanza v. Postmaster Gen. of U.S.*,
    2014 WL 2898535 (3d Cir. June 27, 2014) .............................................................. 3

*Leavitt v. SW & B Construction Co.*,
    765 F. Supp. 2d 263 (D. Me. 2011) ........................................................................... 4

*Reynolds v. American Nat'l Red Cross*,
    701 F.3d 143 (4th Cir. 2012) ..................................................................................... 4

*Seitzinger v. Reading Hosp. and Med. Ctr.*,
    165 F.3d 236 (3d Cir. 1999) ...................................................................................... 5

*Williams v. Philadelphia Hous. Auth. Police Dep't.*,
    380 F.3d 751 (3d Cir. 2004) ...................................................................................... 4

**Statutes**

42 U.S.C. §2000e ............................................................................................................. 1, 5

42 U.S.C. §12101 ................................................................................................................. 1

**Rules**

FED. R. CIV. P. 12(b)(6) ......................................................................................................... 2

Defendant G4S Secure Solutions (USA) Inc. ("G4S" or the "Company"), by and through its undersigned counsel, hereby respectfully submits this Opening Brief in support of its Motion to Dismiss Plaintiff's Complaint.

## I.    NATURE AND STAGE OF PROCEEDINGS

On January 23, 2017, Plaintiff Ricardo Garcia-Lopez filed a Complaint against G4S alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* This is Defendant's Opening Brief in support of its Motion to Dismiss.

## II.   SUMMARY OF ARGUMENT

1. Plaintiff was an at-will employee formerly employed by G4S as a Security Officer.

2. He admits in his Complaint that he abandoned his post, which is a violation of Company policy.

3. Plaintiff was terminated as a result.

4. Despite this admitted Company violation, Plaintiff alleges that he was terminated in retaliation for previously filing for workers' compensation benefits.

5. However, filing for workers' compensation benefits does not constitute protected activity under Title VII or the ADA.

6. Accordingly, Plaintiff's claim of retaliation fails to state a claim upon which relief can be granted.

7. Additionally, Plaintiff failed to timely file this action within ninety (90) days after receiving the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

8. Accordingly, Plaintiff's Complaint is time-barred, and this Court should dismiss it with prejudice.

### III.   STATEMENT OF FACTS

Plaintiff was an at-will employee formerly employed by G4S as a Security Officer. He admits in his Complaint that he abandoned his post, which is a violation of Company policy. As a result, Plaintiff was terminated from his employment at G4S on April 29, 2015. (Compl. ¶ 10(B)). The date of the alleged discriminatory act(s) occurred on April 24, 2015. (Compl. ¶ 5).

Despite this admitted Company violation, Plaintiff alleges that he was terminated in retaliation for previously filing for workers' compensation benefits in violation of Title VII and the ADA. (Compl. ¶¶ 1, 10(D)).

Plaintiff filed a charge of discrimination with the Department of Labor of the State of Delaware, Division of Industrial Affairs, on February 17, 2016. (Compl. ¶ 7). Plaintiff filed a charge of discrimination with the EEOC on April 27, 2016. (Compl. at ¶ 8).

The EEOC issued a Notice-of-Right-to-Sue letter, which Plaintiff received on October 24, 2016. (Compl. ¶ 9). On January 23, 2017, ninety-one (91) days after his admitted receipt of the EEOC Notice of Right to Sue letter, Plaintiff filed the instant Complaint.

### IV.   ARGUMENT

#### A.   The Motion to Dismiss Standard Warrants the Dismissal of Plaintiff's Complaint.

This Court may dismiss Plaintiff's Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the *Iqbal/Twombly* pleading regime, a court reviewing the sufficiency of a complaint must take three steps. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011). First, it must take note of the elements the plaintiff must plead to state a claim. *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Finally, when there are "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

    **B.**    **Plaintiff's Complaint Fails to State a Plausible Claim for Relief, because Filing for Workers' Compensation Benefits does Not Constitute Protected Activity under the ADA or Title VII.**

           **1.**    **Plaintiff Fails to State a Claim for Relief under Title VII.**

In his Complaint, Plaintiff appears to allege retaliation in violation of Title VII for having filed a workers' compensation claim. However, it is well-recognized that filing for workers' compensation benefits does not constitute protected activity under Title VII.

To state a Title VII retaliation claim, Plaintiff must allege that (1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action. *See Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3rd Cir. 1994).

Plaintiff does not allege that he engaged in conduct protected by Title VII. Plaintiff's only allegation is that he was the "only employee with a workers' comp case who got terminated for abandoning post." Filing a workers' compensation claim does not constitute protected activity under Title VII. *See Lanza v. Postmaster Gen. of U.S.*, 2014 WL 2898535, *4 (3d Cir. June 27, 2014) (holding that plaintiff's retaliation claim under Title VII must fail because filing a workers' compensation claim was not protected activity under Title VII); *Davis v. Team Elec. Co.*, 520 F.3d

1080, 1093 n.8 (9th Cir. 2008) (finding that Title VII does not prohibit retaliation for filing a workers' compensation claim); *Jimenez v. Potter*, 211 F. App'x 289, 290 (5th Cir. 2006) (per curiam) (filing workers' compensation claim not protected activity for retaliation claim under Title VII).

Moreover, Plaintiff fails to allege that he suffered an adverse action *as a result* of engaging in any activity protected by Title VII. Additionally, Plaintiff fails to allege the requisite causal connection between any protected activity and an adverse employment action.

Plaintiff does not allege facts to suggest that he was retaliated against because of his race. Therefore, this Court should dismiss Plaintiff's Title VII claim.

### 2. **Plaintiff Fails to State a Claim for Relief under the ADA.**

In his Complaint, Plaintiff also appears to allege that he suffered retaliation in violation of the ADA, because he filed a workers' compensation claim. However, it is well-recognized that filing for workers' compensation benefits does not constitute protected activity under the ADA.

To establish a claim of retaliation under the ADA, Plaintiff must allege that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him; and (3) there is a causal link between the protected conduct and the adverse action. *See Williams v. Philadelphia Hous. Auth. Police Dep't.*, 380 F.3d 751, 757 (3d Cir. 2004).

Plaintiff fails to allege that he engaged in conduct protected by the ADA. Plaintiff's only allegation is that he was the "only employee with a workers' comp case who got terminated for abandoning post." Filing for workers' compensation benefits does not constitute protected activity under the ADA. *See Reynolds v. American Nat'l Red Cross*, 701 F.3d 143, 154-55 (4th Cir. 2012) (filing workers' compensation claim not protected activity for retaliation claim under ADA); *Leavitt v. SW & B Construction Co.*, 765 F. Supp. 2d 263, 286 (D. Me. 2011) (employee's filing of workers' compensation claim not protected activity under ADA); *Fieni v. Franciscan Care Ctr.*, No. 09-5587,

2011 U.S. Dist. LEXIS 113910, 2011 WL 4543996, at *7 (E.D. Pa. Sept. 30, 2011) (collecting cases and finding that application for workers' compensation benefits is not a protected activity under the ADA).

Plaintiff's Complaint contains no other allegations to suggest that he was discriminated against because of a disability. Therefore, this Court should dismiss Plaintiff's ADA claim.

### C.     Plaintiff's Complaint is Time Barred.

Plaintiff's Complaint is time-barred and should be dismissed with prejudice.  The 90-day limitations period provided by 42 U.S.C. §2000e-5(f)(1) begins to run when the notice-of-right-to-sue letter issued by the EEOC is received.  *See, e.g., Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999).  The ninety-day filing requirement has been treated by the courts as a statute of limitations rather than a jurisdictional prerequisite to suit.  *Id*. at 239-40.

Plaintiff admits in his Complaint that he actually received the EEOC's notice-of-right-to-sue letter on October 24, 2016. (Compl. ¶ 9).  However, Plaintiff did not file his Complaint until 91 days later.  Plaintiff offered no explanation or sufficiently inequitable circumstances to explain the reason that his Complaint was not timely filed, nor did he seek an extension of time to file.  Therefore, pursuant to 42 U.S.C. § 2000e–5(f)(1), Plaintiff's Complaint is timed-barred, and this Court should Plaintiff's Complaint with prejudice.

### V.     CONCLUSION

For all of the foregoing reasons, Defendant G4S Secure Solutions (USA) Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, because filing for workers' compensation benefits does not constitute protected activity under either the ADA and Title VII and Plaintiff failed to timely file his Complaint after his admitted receipt of the EEOC's Notice of Right to Sue letter.

                                                Respectfully submitted,

                                                */s/ Charles A. McCauley, III*_____
                                                Charles A. McCauley, Esquire (#4738)
                                                Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
                                                1500 North French Street, 2d Floor
                                                Wilmington, DE 19801
                                                (302) 299-1031

                                                Attorneys for Defendant
                                                G4S Secure Solutions (USA) Inc.

Date:  July 20, 2017