IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO GARCIA-LOPEZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-067-LPS |
| G4S SECURE SOLUTIONS, | : | |
| Defendant. | : | |

Ricardo Garcia-Lopez, Newark, Delaware, Pro Se Plaintiff.

Charles Arthur McCauley, III, Esquire, Offit Kurman, P.A., Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 26, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Ricardo Garcia-Lopez ("Plaintiff") proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 1201, *et seq.*, alleging employment discrimination by reason of race and disability. (D.I. 2) Presently before the Court is Defendant's motion to dismiss, which Plaintiff opposes. (D.I. 8, 9, 10, 11) For the reasons that follow, the Court will grant in part and deny in part the motion to dismiss.

## II. BACKGROUND

Plaintiff was employed by Defendant G4S Secure Solutions ("Defendant"). His employment was terminated on April 29, 2015. Plaintiff alleges that he was the only employee with a worker's compensation case who was terminated for abandoning his post. (D.I. 2) Plaintiff filed a charge of discrimination on February 17, 2016 with the Department of Labor of the State of Delaware.[1] On October 24, 2016, Plaintiff received a right to sue letter from the U.S. Equal Employment Opportunity Commission. (D.I. 2-1)

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Defendant moves for dismissal pursuant to Rule 12(b)(6).

---

[1]The charge of discrimination was not provided to the Court.

1

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See*

2

*Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant moves for dismissal on the grounds that the Complaint: (1) fails to state claims for relief; and (2) is time-barred. (D.I. 8)

### A. Employment Discrimination under Title VII and the ADA

Plaintiff commenced this action pursuant to Title VII and the ADA. To state a claim under Title VII for employment discrimination and the ADA for disability discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). Plaintiff need not convince the Court of any of these elements at the motion to dismiss stage, but must submit more than "the naked assertion that he was discharged because" of his membership in a protected class. *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. Nov. 25, 2014).

The Court liberally construes the Complaint as alleging employment discrimination by reason of race and disability. In his opposition to the motion to dismiss, Plaintiff states that he believes he was discriminated against based upon his race and that he should have been protected

under the ADA. He states that he was wrongly terminated for abandoning his post while other officers abandoned their post and were not terminated.

As currently pled, the allegations in the Complaint fall short of supporting plausible employment discrimination claims. While Plaintiff has provided additional facts in his opposition to the motion to dismiss that could possibly speak to race discrimination, Plaintiff must file an amended complaint in order for the allegations to be considered. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The ADA claim fails for the simple fact that there are no allegations that Plaintiff is disabled within the meaning of the ADA. A "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(1).

Accordingly, the Court will dismiss the employment discrimination claims. However, since it appears plausible that Plaintiff may be able to articulate employment discrimination claims by reason of race and/or disability, he will be given leave to amend the claims.

B.   **Retaliation**

Plaintiff appears to allege retaliation because his employment was terminated after he filed a worker's compensation claim. To state retaliation claims under Title VII and the ADA, Plaintiff must allege that: (1) he engaged in protected conduct; (2) his employer took an adverse action against him either after or contemporaneous with the protected activity; and (3) a causal link exists between his protected conduct and the employer's adverse action. *See Slagle v. County of Clarion*, 435 F.3d 262, 265 (3d Cir. 2006); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

4

Plaintiff's retaliation claims fail as a matter of law. Filing a claim for workers' compensation does not constitute protected activity under either Title VII or the ADA and, thus, Plaintiff cannot meet the elements of a retaliation claim. *See Lanza v. Postmaster Gen. of U.S.*, 570 F. App'x 236, 241 (3d Cir. June 27, 2014) (citing *Reynolds v. American Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (finding that "[f]iling a workers' compensation claim is not something that is covered by the ADA" and that retaliation for making such claim is not actionable under ADA); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008) (finding that Title VII does not prohibit retaliation for filing workers' compensation claim)). Accordingly, the Court will grant the motion to dismiss the retaliation claims.

### C. Timeliness of Filing

In his Complaint, Plaintiff states that he received his notice of right to sue letter on October 24, 2016. (D.I. 2) He filed the Complaint on January 23, 2017. (*Id.*) Defendant contends the Complaint was filed one day past the ninety-day limitation period and, therefore, the matter is time-barred.

If the EEOC or state agency dismisses the charge of discrimination, then the plaintiff must bring an action in federal district court within ninety days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). The Third Circuit has observed that the ninety-day limitation "is akin to a statute of limitations rather than a jurisdictional bar." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-40 (3d Cir. 1999).

Defendant argues the claims are time-barred on the grounds that Plaintiff did not file the Complaint until ninety-one days after receiving the right to sue notice on October 24, 2016.[2]

---

[2] Plaintiff states in his Complaint that he received the Notice of Right to Sue letter on October 24, 2016, the same day it issued. (*See* D.I. 2 at 2, D.I. 2-2) Unless the letter was hand-delivered to him, however, it seems highly unlikely Plaintiff actually did receive the letter on the day

5

Defendant's calculation does not consider that the ninetieth day fell on Sunday, January 22, 2017. Under Fed. R. Civ. P. 6(1)(c), when computing a time period, the last day of the period is included, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Here, the last day of the period was Sunday, January 22, 2017. As a result, Plaintiff had until the end of the next day, January 23, 2017 to commence his action, which he did. The Complaint was timely-filed and is not time-barred. Therefore, the Court will deny this portion of Defendant's motion to dismiss.

## V. CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendant's motion to dismiss. (D.I. 8) The retaliation claims will be dismissed. Plaintiff will be given leave to file an amended complaint to correct pleading deficiencies of the race and disability employment discrimination claims.

An appropriate Order will be entered.

---

it issued.